# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DIEN PHONG NGUYEN VO,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center; and PAMELA JO BONDI, Attorney General,

Respondents.

Case No.:  26cv0074 DMS MSB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response to the Petition, and Petitioner filed traverse.  After reviewing the parties' briefs, the Court set the case for hearing on February 27, 2026.  Katie Hurrelbrink appeared for Petitioner, and Kelly Reis appeared for Respondents.  After considering the parties' briefs, the relevant legal authority, the record, and oral argument the Court grants in part and denies in part the Petition.  Specifically, the Court grants

1

Petitioner's request for release based on his *Zadvydas*/1231 claim, and denies the remainder of the Petition.

Petitioner Dien Phong Nguyen Vo is a citizen of Vietnam who became a lawful permanent resident of the United States on August 20, 1985. (Decl. of Concepcion Arredondo in Supp. of Return ("Arredondo Decl.") ¶¶ 3-4.) Petitioner's "lawful" status ended in 1997 when he was convicted of robbery in violation of California Penal Code § 211 and sentenced to three years in prison. (*Id.* ¶ 5.) Since that time, Petitioner has also been arrested for the sale or transportation for sale of a controlled substance in violation of California Health and Safety Code § 11379(a), unlawful possession of a controlled substance in violation of California Health and Safety Code § 11377(a), and felony possession of controlled substances with intent to sell in violation of California Health and Safety Code § 11378. (*Id.* ¶ 11.) Petitioner was also convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(A)(1), for which he was sentenced to 108 months in prison. (*Id.* ¶ 13.)

After Petitioner's first offense, and after each offense since, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE") for removal to Vietnam. All of those efforts were unsuccessful, however, because "Vietnam has a longstanding policy of not accepting pre-1995 Vietnamese immigrants for deportation." (Pet. at 2.) That policy arguably softened with a 2020 Memorandum of Understanding ("MOU") between the United States and Vietnam, "which created a process through which the Vietnamese government could consider some pre-1995 Vietnamese immigrants for removal." (*Id.* at 3.) The criteria for consideration under the MOU, however, are not publicly available, and the MOU simply gives Vietnam discretion to consider whether to accept pre-1995 immigrants. (*Id.*) It does not require that they do so. (*Id.*) Consistent with that approach, only a limited number of pre-1995 Vietnamese immigrants have been repatriated to Vietnam. (*Id.* at 4.) Respondents argue those numbers have increased in recent years, (Arredondo Decl. at 3), but the numbers provided have not been placed in context, so it is difficult to discern what percentage of removal requests to Vietnam have

been granted, and more specifically, what percentage of requests for pre-1995 Vietnamese immigrants have been granted.

Nevertheless, Respondents have not given up their efforts to remove Petitioner from the United States. On December 17, 2025, FBI officers detained Petitioner and transported him to ICE custody where he remains. (*Id.* ¶ 14.) On December 18, 2025, Petitioner was served with a notice of revocation of release. (*Id.* ¶ 15.) There is a dispute as to whether Petitioner was afforded an informal interview. (*Id.*) According to Respondents, "ICE is in the process of compiling a travel document request for Vietnam and will submit the travel document application to the Removal and International Operations (RIO) for processing as soon as possible. These removal efforts remain ongoing." (*Id.* ¶ 17.)

On January 6, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises two claims. First, he argues his re-detention violated the applicable regulations, and therefore violated his due process rights and the Administrative Procedures Act ("APA"). Second, Petitioner asserts his continued re-detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. ¶ 1231. Respondents dispute they violated the applicable regulations in re-detaining Petitioner, and even if there was a regulatory violation, Petitioner was not prejudiced and that violation would not amount to a violation of Petitioner's constitutional rights. Respondents also assert Petitioner's *Zadvydas* claim fails because they are in the process of obtaining travel documents for Petitioner's removal to Vietnam.[1]

In *RK v. Casey*, Case No. 25cv1926, ECF No. 33, and *Martinez v. Noem*, Case No. 26cv0138, ECF No. 7, this Court addressed *Zadvydas* claims similar to the one presented here. In those two previous cases, the petitioners were unable to be removed to their respective countries of origin, and the respondents did not have third countries willing to

---

[1] Respondents also argue that "[t]o the extent Petitioner is challenging ICE's decision to detain him for the purpose of removal, such a challenge is precluded by" 8 U.S.C. § 1252(g). (Return at 3-4.) The Court has considered and rejected this argument in numerous previous cases, and does so again here.

26cv0074 DMS MSB

accept the petitioners. In *RK*, the respondents simply stated their efforts to remove the petitioner "remain[ed] pending," ECF No. 33 at 2, and in *Martinez*, the respondents stated they were "still in the process of identifying third countries that may be willing to accept Petitioner for removal." ECF No. 7 at 2. In this case Respondents state they are "not seeking to remove Petitioner to a third country[,]" but just as in *RK* and *Martinez*, the evidence they submitted, *i.e.*, Ms. Arredondo's Declaration, does not satisfy their burden to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Thus, despite Petitioner's lengthy and serious criminal history, which warrants his removal from the United States, Petitioner's present detention is unlawful and he must be released.[2] *See Dao v. Bondi*, No. 2:25-cv-02340-LK, 2026 WL 18626 (W.D. Wash. Jan. 2, 2026) (granting petition because respondents failed to show a significant likelihood petitioner would be removed to Vietnam in the reasonably foreseeable future); *Van Ngo v. Noem*, No. 25-CV-3234 JLS (MMP), 2025 WL 3470438 (S.D. Cal. Dec. 3, 2025) (same); *Phan v. Warden of Otay Mesa Detention Facility*, ___ F.Supp.3d ___, 2025 WL 3141205 (S.D. Cal. Nov. 10, 2025) (same).

In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **March 6, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated: February 27, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[2] Because the Court grants the Petition on this ground, the Court declines to address Petitioner's claim that Respondents violated the applicable regulations. And because Respondents state they are "not seeking to remove Petitioner to a third country[,]" the Court declines to address Petitioner's request for an injunction requiring Respondents to follow certain procedures prior to any third country removal. The Court notes, however, that any kind of "surprise removal" like the one Petitioner fears would likely "'present due process issues.'" *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26cv0074 DMS MSB